# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF WISCONSIN

MARVIN RHODES,

    Petitioner,

v.                                                                                                                        Case No. 06-C-1249

JODINE DEPPISH,

    Respondent.

## **MAGISTRATE JUDGE'S RECOMMENDATION**

Petitioner Marvin Rhodes, who is currently incarcerated at Fox Lake Correctional Institution (FLCI) seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petitioner also filed a motion to stay the habeas corpus petition pending the conclusion of state court proceedings and a petition and affidavit to proceed in forma pauperis.

The petitioner filed a previous petition for a writ of habeas in this court. By a decision and order dated September 23, 2003, United States Magistrate Judge Aaron E. Goodstein denied the petitioner's petition for a writ of habeas corpus. Section 2244(a) of Title 28 of the United States Code provides:

> No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

Section 2244(b)(3)(A) provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

The petitioner's petition for a writ of habeas corpus is a second or successive petition. Second or successive petitions require the approval of the court of appeals. See Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996). Circuit Rule 22.2 of the Circuit Rules of the United States Court of Appeals for the Seventh Circuit establishes procedures for the approval mechanism. Id. A copy of that rule is attached to this recommendation. At this juncture, the petitioner does not have the approval of the appellate court. Thus, pursuant to Nunez, the court has "no option other than to deny the petition." Id.

In light of the foregoing, this court will recommend that the United States district court enter an order dismissing the instant petition for lack of subject matter jurisdiction. As a result, this court need not address the petitioner's motion to proceed in forma pauperis or his motion to stay the habeas corpus petition.

## **CONCLUSION**

**NOW, THEREFORE, IT IS HEREBY RECOMMENDED** that the United States district judge enter an order **denying** the petitioner's petition for a writ of habeas corpus.

Your attention is directed to 28 U.S.C. § 636(b)(1)(B) and (C) and General Local Rule 72.3 (E.D. Wis.), whereby written objections to any recommendation herein or part thereof may be filed within ten days of service of this recommendation. Failure to file a timely objection with the district court shall result in a waiver of your right to appeal.

Dated at Milwaukee, Wisconsin this 8th day of December, 2006.

> BY THE COURT:
>
>  s/ Patricia J. Gorence
> PATRICIA J. GORENCE
> United States Magistrate Judge

Circuit Rule 22.2. Successive Petitions for Collateral Review

(a) A request under 28 U.S.C. §2244(b) or the final paragraph of 28 U.S.C. §2255 for leave to file a second or successive petition must include the following information and attachments, in this order:

(1) A disclosure statement, if required by Circuit Rule 26.1.

(2) A short narrative statement of all claims the person wishes to present for decision. This statement must disclose whether any of these claims has been presented previously to any state or federal court and, if it was, how each court to which it was presented resolved it. If the claim has not previously been presented to a federal court, the applicant must state either:

(A) That the claim depends on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court; or

(B) That the factual predicate for the claim could not have been discovered previously through the exercise of due diligence and that the facts, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact-finder would have found the applicant guilty of the crime, had there been no constitutional error.

(3) A short narrative statement explaining how the person proposes to establish the requirements mentioned above. An applicant who relies on a new rule of constitutional law must identify the new rule, the case that establishes that rule, and the decision of the Supreme Court that holds this new rule applicable to cases on collateral review.

(4) Copies of all opinions rendered by any state or federal court previously rendered in the criminal prosecution, any appeal, and any collateral attack.

(5) Copies of all prior petitions or motions for collateral review.

(b) A copy of the application, together with all attachments, must be served on the attorney for the appropriate government agency at the same time as the application is filed with the court. The application must include a certificate stating who was served, by what means, and when. If the application is made by a prisoner who is not represented by counsel, ling and service may be made under the terms of Fed. R. App. P. 4(c).

(c) Except in capital cases in which execution is imminent, the attorney for the custodian (in state cases) or the United States Attorney (in federal cases) may file a response within 14 days. When an execution is imminent, the court will not wait for a response. A response must include copies of any petitions or opinions that the applicant omitted from the papers.

(d) The applicant may file a reply memorandum within 10 days of the response, after which the request will be submitted to a panel of the court for decision.

(e) An applicant's failure to supply the information and documents required by this rule will lead the court to dismiss the application, but without prejudice to its renewal in proper form.

(As amended Dec. 1, 2001.)