UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MARVIN RHODES,

    Petitioner,

v.                                               Case No. 06-C-1249

JODINE DEPPISCH,

    Respondent.

**ORDER**

Habeas petitioner Marvin Rhodes filed a notice of appeal of my dismissal of his case.

### I. CERTIFICATE OF APPEALABILITY

Before a habeas petitioner may take an appeal to the Seventh Circuit, I must consider whether to grant him a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). *See also Slack v. McDaniel*, 529 U.S. 473, 481-82 (2000).

The certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack*, 529 U.S. at 484 (internal quotation marks omitted) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). If the court issues a certificate of appealability it must indicate on which specific issue or issues the petitioner has satisfied the "substantial showing" requirement. 28 U.S.C. § 2253(c)(3).

I dismissed the petitioner's case not based on any of the underlying claims on the merits, but on a procedural ground. I concluded, based on the magistrate judge's recommendation and my own review of the record, that the petitioner had filed an improper second or successive petition without first obtaining authorization from the court of appeals. *See* 28 U.S.C. § 2244(b)(3)(A). When a district court dismisses a habeas petition based on procedural grounds without reaching the underlying constitutional claims, a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. Section 2253 mandates that both showings be made before a certificate of appealability is granted. *Id.* at 485. The district court is allowed, and indeed encouraged, to proceed first to the procedural issue if its answer is more apparent from the record and arguments. *Id.*

> Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted.

*Id.* at 484.

Addressing the procedural showing first, I believe the question of whether petitioner's case should have been dismissed for being a second or successive petition does not deserve to proceed further, nor do I believe that the dismissal of this petition would be debatable among jurists of reason reviewing the record of this case. As stated above, where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, no reasonable jurist could conclude that the district court erred or that the petitioner should be allowed to proceed further. There is therefore no need to address the underlying merits of the petition.

## II. REQUEST FOR IFP STATUS ON APPEAL

Petitioner had requested leave to proceed in this court without payment of fees. That request has not been addressed. However, because it appears the petitioner has only $1.70 in his regular trust account, the motion to proceed without payment of fees (Docket No. 2) is granted as to the petitioner's action in the district court and the district court filing fee is waived.

Normally, a petitioner allowed to proceed *in forma pauperis* in the district court would need no further authorization to proceed in that capacity on appeal. *See* Fed. R. App. P. 24(a)(3). Title 28 U.S.C. § 1915(a)(3) adds that an appeal may not be taken *in forma pauperis* if the district court certifies in writing that the appeal is not taken in good faith. "Good faith" is an objective standard. *Coppedge v. United States*, 369 U.S. 438, 446 (1962); *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000). An appeal is taken in "good faith" if it seeks review of any issue that is not clearly frivolous, *Coppedge*, 369 U.S. at 446; *Lee*, 209 F.3d at 1026, meaning that a reasonable person could suppose it to have at least some legal merit, *Lee*, 209 F.3d at 1026; *Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983).

As noted above, I determined that this court lacked subject matter jurisdiction over the petition because it was a second or successive petition filed without permission of the court of appeals. I concluded above that reasonable jurists could not debate the fact that this petition has not been authorized by the court of appeals, which is required under 28 U.S.C. § 2244(b)(3)(A), and that dismissal is therefore required. Recognizing that the standard for IFP status is even more stringent than the standard for a certificate of appealability, I conclude that the petition also meets this stricter standard. Pursuant to 28 U.S.C. §1915(a)(3), I certify that the appeal is not taken in good faith and determine that the party is not entitled to proceed *in forma pauperis* on appeal.

## III. CONCLUSION

**THEREFORE, IT IS ORDERED** that a certificate of appealability is **DENIED**.

I certify that the appeal has **not** been taken in good faith.

Petitioner must pay $455 to the Clerk of the District Court within fourteen days of the date of this order.

A copy of this order will be sent by my clerk to the Attorney General for the State of Wisconsin, c/o Gregory M. Weber, Assistant Attorney General, P.O. Box 7857, Madison, WI 53707; and to Gino J. Agnello, Circuit Clerk for the Seventh Circuit, United States Courthouse, 219 South Dearborn Street, Chicago, IL 60604.

Dated this    10th    day of January, 2007.

        s/ William C. Griesbach
        William C. Griesbach
        United States District Judge